Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Detroit Division

Adrienne Rockenhaus

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Stylianos Agapiou, Jeffry W. Konal, Dion Thomas

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case: 2:25-cv-12736
Judge: Michelson, Laurie J.
MJ: Altman, Kimberly G.
Filed: 08-28-2025
CMP Adrienne Rockenhaus v. Agapiou et al (tt)

Jury Trial: (check one) ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Adrienne Rockenhaus |
| Address | 2468 Fernwood Ave |
| | Ann Arbor, MI 48104 |
| County | Washtenaw |
| Telephone Number | 734-585-6277 |
| E-Mail Address | adrienne@rockenhaus.com |

    B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Stylianos Agapiou |
| Job or Title (if known) | U.S. Probation Officer |
| Address | 231 W. Lafayette Blvd |
| | Detroit, MI 48226 |
| County | Wayne |
| Telephone Number | 734-741-2063 |
| E-Mail Address (if known) | |

[✓] Individual capacity    [✓] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Jeffry W. Konal |
| Job or Title (if known) | U.S. Supervisory Probation Officer |
| Address | 231 W. Lafayette Blvd |
| | Detroit, MI 48226 |
| County | Wayne |
| Telephone Number | 313-720-3982 |
| E-Mail Address (if known) | jeffry_konal@miep.uscourts.gov |

[✓] Individual capacity    [✓] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
Name: Dion Thomas
Job or Title (if known): Supervising Chief U.S. Probation Officer
Address: 231 W. Lafayette Blvd
City: Detroit   State: MI   Zip Code: 48226
County: Wayne
Telephone Number: 313-720-3995
E-Mail Address (if known): dion_thomas@miep.uscourts.gov
[✓] Individual capacity   [✓] Official capacity

Defendant No. 4
Name: John Doe
Job or Title (if known): U.S. Marshal
Address:
City:   State:   Zip Code:
County:
Telephone Number:
E-Mail Address (if known):
[✓] Individual capacity   [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

   [✓] Federal officials (a *Bivens* claim)

   [ ] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
N/A

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

      See attachment.
      (ATTACHMENT 1)

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The defendants, Stylianos Agapiou, Jeffry W. Konal, and Dion Thomas, are all employees of the U.S. Probation Office, a federal agency. Defendant John Doe is an employee of the U.S. Marshals Service, also a federal agency. All actions described in this complaint were performed by the defendants while acting in their official capacities and under the authority vested in them as federal officers.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?

The events occurred in the Eastern District of Michigan, primarily at my residence in Ann Arbor, Michigan, and involved employees of the U.S. Probation Office in Detroit, Michigan.

B.     What date and approximate time did the events giving rise to your claim(s) occur?

The events occurred continuously between September 2024 and August 2025.

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment.
(ATTACHMENT 2)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

### IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attachment.
(ATTACHMENT 3)

### V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attachment.
(ATTACHMENT 4)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/28/2025

Signature of Plaintiff: *A. Rockenha*

Printed Name of Plaintiff: Adrienne Rockenhaus

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                City         State         Zip Code

Telephone Number
E-mail Address

ATTACHMENT 1

*[II. Basis for Jurisdiction*
*C. Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights. If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by federal officials?]*

The actions of the defendants violated the plaintiff's rights as secured by the Fourth, Fifth, and First Amendments to the United States Constitution.

**Fourth Amendment: Unreasonable Seizure and Excessive Force**

The defendants violated the plaintiff's right to be free from unreasonable seizures and the use of excessive force.

1. **Unreasonable Seizure of Person (Unlawful Arrest of Husband):** On or about May 5, 2025, federal officers arrested the plaintiff's husband in the driveway of their home. This arrest constituted an unreasonable seizure because the warrant was procured based on false violations fabricated by **Defendant Jeffry Konal**, rendering the arrest unlawful.
2. **Unreasonable Seizure of Person (Unlawful Seizure of Plaintiff) and Excessive Force:** During the unlawful arrest of her husband, officers also unconstitutionally seized the plaintiff by ordering her to place her hands on a vehicle. The force used against both the plaintiff and her husband was excessive and unreasonable. Specifically:
    - An officer explicitly threatened both the plaintiff and her husband with a K-9 unit, stating, "If you do anything, I'm gonna release the dog, he's gonna bite you".
    - Officers brandished firearms, creating a threatening and dangerous environment for the plaintiff and her family in their own driveway. These actions were disproportionate to the circumstances, as neither the plaintiff nor her husband posed any threat, and were intended to intimidate and cause fear.
3. **Unreasonable Seizure of Property:** Separately, acting without a warrant or lawful authority, **Defendant Agapiou** and **Defendant Konal** illegally seized the plaintiff's property on two occasions (an iPhone 13 on November 19, 2024, and an iPhone 15 Pro Max on August 13, 2025).

**Fifth Amendment: Deprivation of Property Without Due Process**

The defendants violated the plaintiff's right to due process by depriving her of her seized property (the iPhones) without affording her any procedural safeguards, such as a pre-deprivation hearing, and have failed to provide a meaningful process for its return.

**First Amendment: Retaliation for Protected Speech**

The defendants' actions were motivated by a desire to retaliate against the plaintiff for exercising her constitutionally protected rights.

1. **Protected Activity:** On February 13, 2025, the plaintiff exercised her First Amendment right by filing a formal complaint detailing the misconduct of Defendant Agapiou.
2. **Retaliatory Acts:** In direct response to this protected activity, the defendants engaged in a coordinated campaign of retaliation, including:
    - On February 20, 2025, just seven days after the complaint, **Defendant Dion Thomas** engaged in an act of intimidation by contacting the plaintiff's ex-husband, Jason Blair, instead of her directly.
    - **Defendant Jeffry Konal** fabricated false violations to create a fraudulent basis for an arrest warrant against the plaintiff's husband.
    - The subsequent unconstitutional seizure of the plaintiff and the use of excessive force during the arrest on May 5, 2025, which was the culmination of their retaliatory scheme.

ATTACHMENT 2

*[III. Statement of Claim*
*C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)]*

1. I am a private citizen and have never been charged with a crime. My husband, Conrad Rockenhaus, is on federal supervised release. From his release in 2022 until September 2024, his supervision was stable, and I was formally approved as his employer.

2. In September 2024, my husband's case was reassigned to **Defendant Stylianos Agapiou**, who immediately created a hostile environment. He made threats to me and attempted to unlawfully search my home and business computers.

3. On November 19, 2024, **Defendant Agapiou**, acting without a warrant, consent, or legal authority, illegally seized my business property—an Apple iPhone 13.

4. On February 13, 2025, I exercised my First Amendment right and filed a detailed, formal complaint against **Defendant Agapiou** for his misconduct.

5. The response was immediate retaliation. On February 20, 2025, **Defendant Dion Thomas**, the Supervising Chief Probation Officer, engaged in an act of intimidation by improperly contacting my ex-husband, Jason Blair, to find me, despite having my direct contact information.

6. The retaliation continued when **Defendant Jeffry W. Konal** authored and filed a fraudulent petition for my husband's arrest on April 29, 2025, which was based on false allegations he knew to be untrue. This illegal act by **Defendant Konal** directly caused the traumatic event on May 5, 2025, when U.S. Marshals executed the warrant at our home. During this event, I was unconstitutionally seized by being ordered to place my hands on a vehicle, and was threatened with a K-9 unit alongside my husband.

7. Following the arrest, **Defendant John Doe, U.S. Marshal**, engaged in further misconduct while transporting my husband. He drove recklessly at high speed on the shoulder of the highway while texting. He then deliberately showed my husband a text message he wrote that was sexually harassing and derogatory toward me, stating, "His wife had nice tits."

8. On August 13, 2025, **Defendant Agapiou** and **Defendant Konal** again illegally seized my business property, this time an Apple iPhone 15 Pro Max and Apple Watch.

9. This pattern of conduct by all four defendants constitutes a coordinated effort to violate my constitutional rights in retaliation for my protected speech and to intimidate and harass me through the abuse of their power as federal officers.

ATTACHMENT 3

*[IV. Injuries*
*If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.]*

As a direct result of the defendants' pattern of illegal seizures, retaliation, and harassment, the Plaintiff, Adrienne Rockenhaus, has sustained the following severe and ongoing injuries:

1. **Unconstitutional Seizure of Person and Use of Excessive Force**: During the arrest of her husband on May 5, 2025, the Plaintiff was herself unconstitutionally seized by federal officers and subjected to excessive force, including being threatened with a K-9 unit. This terrifying and unlawful event was a direct violation of her physical security and liberty.
2. **Severe Emotional Distress**: The defendants' entire course of conduct—from **Defendant Agapiou's** initial threats, to **Defendant Thomas's** intimidating call to her ex-husband, to the traumatic arrest in her driveway, and the vile, harassing comment made by **Defendant John Doe** —was calculated to, and did, inflict severe emotional and psychological distress upon the Plaintiff. She has been forced to live in a constant state of fear for her own and her family's safety.
    - **Medical Treatment:** As a direct result of this distress, the Plaintiff has required and continues to receive medical treatment from a psychologist on a monthly basis.
3. **Financial and Reputational Harm to Business**: The defendants' actions have caused direct financial and reputational harm to the Plaintiff's business, Cannabytes, LLC. This includes damages from the repeated, illegal seizure of essential business equipment (two work iPhones) which disrupted operations, and the direct harassment of the Plaintiff's business clients by **Defendant Agapiou**, which has damaged business relationships and reputation.

**ATTACHMENT 4**

*[V. Relief*
*State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.*
*If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.]*

Plaintiff, Adrienne Rockenhaus, respectfully requests that the Court grant her the following relief:

1. **Declaratory Relief:** A declaration that the acts and omissions described in this complaint, committed by Defendants Stylianos Agapiou, Jeffry Konal, Dion Thomas, and John Doe, violated the Plaintiff's rights as secured by the First, Fourth, and Fifth Amendments to the United States Constitution.
2. **Injunctive Relief:** An order compelling the defendants to immediately return all of the Plaintiff's illegally seized business property, including but not limited to an Apple iPhone 13 an Apple iPhone 15 Pro Max, and Apple Watch.
3. **Compensatory Damages:** An award of compensatory damages in the amount of **$350,000.00**. This amount is to compensate the Plaintiff for her injuries, including the unconstitutional seizure of her person; the severe emotional and psychological distress inflicted by the defendants' campaign of harassment, intimidation, threats, and retaliation; and the financial and reputational harm caused to her business .
4. **Punitive Damages:** An award of punitive damages in the amount of **$750,000.00** against each defendant in their individual capacity. This relief is sought to punish the defendants for their willful, malicious, and reckless disregard for the constitutional rights of a private citizen and to deter them and others from engaging in such conduct in the future .
5. **Costs of Litigation and Other Relief:** An award for the costs of this lawsuit and any other further relief that the Court deems just and proper.