UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIENNE ROCKENHAUS,

    Plaintiff,

v.

STYLIANOS AGAPIOU, United States Probation Officer; JEFFRY KONAL, Supervising United States Probation Officer; DION THOMAS, Deputy Chief United States Probation Officer, JOHN DOE,

    Defendants.

Civil No. 25-12736

Honorable Jane M. Beckering
Magistrate Judge Sally J. Berens

**MOTION TO: (1) VACATE STAY, (2) CONSOLIDATE, AND (3) REQUIRE FILING OF CONSOLIDATED COMPLAINT**

For the reasons discussed in the attached motion, the U.S. Attorney's Office asks the Court to: (1) vacate the stay necessitated by the government shutdown, which has now ended; (2) consolidate this case with Case No. 25-12716, a similar case filed by Plaintiff's spouse against the same Defendants; and (3) require Plaintiff and her spouse to file a consolidated complaint that contains all of their claims in one single pleading.

## BACKGROUND

In 2023, Conrad Rockenhaus was sentenced in the U.S. District Court for the Eastern District of Texas to 40 months in prison and three years of supervised release after pleading guilty to intentional damage to a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A). *See United States v. Rockenhaus*, No. 23-20701 (E.D. Mich.), ECF No. 1-1. Jurisdiction over Mr. Rockenhaus' supervised release was transferred to the Eastern District of Michigan pursuant to 18 U.S.C. § 3605. *Id.* at ECF No. 2.

In April 2025, while Mr. Rockenhaus was on supervised release, Defendant Jeffry Konal, a Supervisory United States Probation Officer in the Eastern District of Michigan, filed a violation report and petition for warrant, alleging that Mr. Rockenhaus violated several conditions of his supervised release, including that he refrain from using unlawful controlled substances, make required restitution payments, refrain from opening new lines of credit, report to his probation officer as directed, and refrain from use of unauthorized devices. *Id.* at ECF No. 3. Mr. Rockenhaus was arrested and made his initial appearance on the violation on May 6, 2025. *Id.* at ECF No. 5/6/25 Minute Entry. At his supervised release violation hearing later in May 2025, Mr. Rockenhaus admitted to violating various conditions of his supervised release. *Id.* at 5/13/25 Minute Entry. In October 2025, the Court

sentenced Mr. Rockenhaus to six months in prison for violating the conditions of his supervised release. *Id.* at ECF No. 27.

Meanwhile, Mr. Rockenhaus and his wife, Adrienne Rockenhaus, filed separate civil lawsuits in this District arising out of Mr. Rockenhaus' arrest for his supervised release violation in May 2025: this lawsuit brought by Ms. Rockenhaus, and Case No. 25-12716 brought by Mr. Rockenhaus. The two lawsuits name the same three defendants: U.S. Probation Officer Stylianos Agapiou, Supervisory U.S. Probation Officer Jeffry Konal, and Deputy Chief U.S. Probation Officer Dion Thomas. Ms. Rockenhaus names a fourth defendant in her lawsuit: a John Doe defendant with the U.S. Marshal Service. All defendants in both cases are sued in both their official and individual capacities.

In addition to naming the same defendants, the two lawsuits involve similar and, in some cases, identical claims. For instance, both lawsuits allege that Mr. Rockenhaus' arrest violated the Fourth Amendment because the arrest warrant was based on evidence that Defendants fabricated. Both lawsuits allege that Defendants unlawfully seized the Rockenhauses' property (i.e., cellular phones). Both lawsuits allege that Defendants violated the First Amendment by retaliating against the Rockenhauses after Ms. Rockenhaus filed a formal complaint against one of the Defendants. In addition, Ms. Rockenhaus alleges that unnamed officers used excessive force to effectuate Mr. Rockenhaus' arrest, and Mr. Rockenhaus alleges

that Defendants violated his Fifth Amendment Due Process rights by imposing "impossible and contradictory" conditions of supervision and "sabotaged" his ability to satisfy those conditions. Both lawsuits seek monetary damages and declaratory and injunctive relief.

The U.S. Attorney's Office has not yet been served with Mr. Rockenhaus' lawsuit. As such, Defendants are under no current obligation to respond to the complaint. *See* Fed. R. Civ. P. 12(a)(2)-(3). The U.S. Attorney's Office was served with Ms. Rockenhaus' complaint on September 10, 2025. On November 4, 2025, before Defendants' responsive pleading deadline, the Court stayed the case due to the government shutdown. *See* ECF No. 18.

**A.  The Court should vacate the stay in Ms. Rockenhaus' case.**

An order staying Ms. Rockenhaus' case was entered due to the lapse of funding for the Department of Justice that occurred on October 1, 2025. *See* ECF No. 18. On November 12, 2025, Congress appropriated funds for the Department and Justice, and DOJ attorneys were permitted to resume their usual civil litigation functions. As such, the U.S. Attorney's Office now asks the Court to vacate the stay.

**B.  The two Rockenhaus cases should be consolidated, and the Rockenhauses should be required to file a single consolidated complaint.**

Under Federal Rule of Civil Procedure 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "Whether cases involving the same factual and legal questions should be

4

consolidated for trial is a matter within the discretion of the trial court," and "[a] court may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *see also Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965) ("Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial judge.").

Similarly, under Local Rule 83.11, the Court "may jointly order consolidation of some or all aspects of related cases." E.D. Mich. LR 83.11(b)(3). The Court "shall sign an order reassigning [a companion] case to the Judge having the earlier case number" when "it appears that [] substantially similar evidence will be offered at trial," or "the same or related parties are present and the cases arise out of the same transaction or occurrence." E.D. Mich. LR 83.11(b)(7).

"Cases consolidated under Rule 42(a) . . . retain their separate identity," *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412 (6th Cir. 1998), and consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

Here, the two Rockenhaus matters involve the same defendants and the same claims. In addition, the two lawsuits arise out of the same underlying events: Mr. Rockenhaus' arrest in May 2025 for violating the conditions of his supervised

5

release. As such, the two cases involve common questions of both fact and law and are suitable for consolidation under Rule 42(a).

In addition, if the Court grants the present request to consolidate the two Rockenhaus cases, it should also require the Rockenhauses to file a single, consolidated complaint. "Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint . . . in cases consolidated both for pretrial discovery and for trial." 9A Wright & Miller, Federal Practice and Procedure § 2382 (3d ed.) (citing case examples in the footnote). As such, the Rockenhauses should be required to file one unified consolidated complaint so that Defendants may file one responsive pleading. "It serves no useful purpose . . . to have the pleaded claim for relief of a party set forth in two documents rather than in a single one," as "a bifurcated pleading causes all who use or rely on the pleading, including the Court, to be beset with uncertainties and ambiguities as to how the provisions of the two documents are intended to mesh." *FDIC v. Reiner*, 144 F.R.D. 599, 600 (D. Me. 1992). The Court should also require the consolidated complaint to clearly delineate: (1) each claim they are making; (2) which Defendant(s) each claim is brought against, (3) which Plaintiff is asserting each claim; (4) the constitutional amendment each claim is brought pursuant to; and (5) the factual basis for each claim. *See generally* Fed. R. Civ. P. 8(a).

Finally, the U.S. Attorney's Office asks that Defendants' responsive pleading deadline be set for 60 days after the Rockenhauses file their consolidated complaint.

## CONCLUSION

For the reasons stated, the Court should lift the stay, consolidate the two Rockenhaus cases, and require the Rockenhauses to file a single consolidated complaint.

Respectfully submitted,

JEROME F. GORGON JR.
UNITED STATES ATTORNEY

*/s/ Benjamin A. Anchill*
BENJAMIN A. ANCHILL (P70968)
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9566
benjamin.anchill@usdoj.gov

Dated: November 17, 2025            *Attorneys for Defendants*

**Certification of Service**

I certify that on November 17, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

In addition, I certify that Sara Verdun, Legal Assistant assigned to the Civil Defensive Litigation Unit of the United States Attorney's Office, sent the foregoing via U.S. mail on November 17, 2025, to the following:

Conrad Rockenhaus
2468 Fernwood Ave
Ann Arbor, MI 48104

Adrienne Rockenhaus
35560 Grand River Ave 244
Farmington Hills, MI 48335

/s/ Benjamin A. Anchill
BENJAMIN A. ANCHILL