UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

ADRIENNE ROCKENHAUS,

15900 W 10 Mile Rd Suite 211 PMB 1046

Southfield, MI 48075

Plaintiff,

v.

STYLIANOS AGAPIOU, et al.,

Defendants.

Case No.: 2:25-cv-12716 (Lead Case)

Hon. Jane M. Beckering

Magistrate Judge Sally J. Berens

**NOTICE OF STATE-CREATED DANGER, ISSUANCE OF EX PARTE PPO, AND REQUEST FOR TIME TO GET SAFE**

Plaintiff Adrienne Rockenhaus submits this formal Notice to the Court, appending the first two pages of a Maximum-Protection Wayne County Ex Parte Personal Protection Order (Case No. 26-102221-PP) issued against Co-Plaintiff Conrad Rockenhaus.

I am submitting this to explain why I cannot participate in current litigation, why I am severely traumatized, and to request that this Court grant me time to get safe from a crisis the government created.

**1. The Government Created a Monster:** I wish this Court would have intervened when I spent months screaming for help to prevent this exact crisis. On September 4, 2025, U.S. Marshals inflicted a severe, unprovoked head injury on my husband and had no warrant. The Bureau of Prisons never treated it. Instead, they illegally housed a Care Level 4 traumatic brain injury patient in a Care Level 2 facility, and got him chemically addicted to contraindicated drugs, including Zyprexa and Suboxone. Because no one would listen to my screams for help, the federal government broke my husband's brain. He has now become a highly volatile, dangerous stranger whom I do not know, and from whom I must fiercely protect myself.

**2. Retaliatory Filings and the Nebraska Proxy:** This PPO was issued because of the financial coercion, the retaliatory filings starting in February to silence and intimidate me, the proxy terror against my family and me, and numerous other reasons. When Conrad was served the PPO that explicitly stated his February federal docket abuse was violence, his decision was to do it harder. He viewed the state injunction not as a boundary, but as a challenge to escalate his abuse of this Court's docket to further terrorize me. Furthermore, he has been telling people that his "fling" from the Navy 20 years ago, a woman named Bre Newman, is acting as his paralegal and writing these retaliatory federal motions from Papillon, Nebraska (She is a corporate paralegal for the company, Scoular).

The Court should check the IP address logs on the EDMI Pro Se Document Upload portal. Conrad Rockenhaus is an indigent, chemically destabilized transient. He does not have the internet access, the hardware, or the cognitive legal capacity to draft and upload these motions, and because he is on drugs, he couldn't do it even

if he did. It is very possible someone else is drafting and uploading these documents.

**3. The March 2 Doorstep Drop (BOP Complicity):** I explicitly notified his federal defense attorney, Kaycee Berente, that she was being served with my PPO. Despite the government knowing there was an active Ex Parte PPO and that I was in danger, the Bureau of Prisons paid for a vehicle and deliberately dropped a Care Level 4 drug-fueled monster directly onto the doorstep of my safe house on March 2.

**4. The Untethered Ghost and Impossible Service:** I do not believe Conrad Rockenhaus actually resides at the shelter address he submitted to this Court. Per my formal correspondence with that shelter's executive staff this week, it is highly likely he has been removed. He is an untethered ghost, and he is actively hunting me. Because he is probably not at the shelter, I do not know how to legally serve him the hearing date the Wayne County Court sent me for his daily PPO violations. Consequently, I do not know how to safely divorce him or legally divide our assets.

**5. Financial Extortion:** I will not give him the untraceable cash that he and his criminal proxies are attempting to illegally extort from my family and me through threats and terror. The Court should be advised that he currently owes me over $100,000 that he stole from my trust and other sources, which is heavily documented.

**6. Request for Time to Get Safe:** I am severely traumatized from this year of unrelenting terror by the federal government, and now by the husband they

destroyed. To protect my Severe PTSD and my failing nervous system, I will not be reading any of the recent motions he filed or related orders.

I live in constant fear. I am asking this Court to please give me time to get safe, because he is hunting me, I am not safe, and I cannot currently function under the weight of this state-created danger.

Respectfully Submitted,

a Rockenh

 Mar 11, 2026

Adrienne Rockenhaus Plaintiff / Protected Victim (PPO Attached)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | PERSONAL PROTECTION ORDER<br>☒ EX PARTE<br>(DOMESTIC RELATIONSHIP) | CASE NO.<br>26-102221-PP |
|---|---|---|

**Court address** 1801 CAYMC, 2 Woodward Ave., Detroit, MI 48226      **Court telephone no.** 313-224-0120

**ORI**
MI-

| Petitioner's name<br>Adrienne Rockenhaus | | Respondent's name, address, telephone no.<br>Conrad Rockenhaus<br>No Known Address |
|---|---|---|
| Address and telephone no. where court can reach petitioner<br>35560 Grand River AVE UNIT #244<br>FARMINGTON HILLS, MI 48335<br>Cell: 734-585-6277 | **v** | |

| Full name of respondent (type or print)*<br>Conrad Rockenhaus | | | | | | | Driver's license number (if known) |
|---|---|---|---|---|---|---|---|
| Height<br>6 Ft. 0 In. | Weight<br>190 Lbs. | Race*<br>White | Sex*<br>Male | DOB or age*<br>02/03/1982 | Hair color<br>Brown | Eye color<br>Brown | Other identifying information<br>fence on fire tattoo on forearm, upper arm tattoos |

*These items **must** be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful.    **Needed for NCIC entry

Date:   02/20/2026      Judge:   PPO Docket Judge          P44565

1.     This order is entered  ☒ without a hearing.  ☐ **after hearing.

**THE COURT FINDS:**

☒   2.   A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has a property interest in the premises, or respondent does not have a property interest in the premises.

☒   3.   Petitioner requested an ex parte order, which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued

** ☒ 4.   Respondent poses a credible threat to the physical safety of petitioner and/or a child of petitioner.

☐ 5.   The respondent  ☒ **is the spouse or former spouse of petitioner, had a child in common with petitioner, or is residing or had resided in the same household as petitioner.  ☐ has or had a dating relationship with the petitioner.

**IT IS ORDERED**

6.   Conrad Rockenhaus            is prohibited from:
     Name

    ☒ a. entering onto property where petitioner lives.

    ☐ b. entering onto property at                        .

**   ☒ c. assaulting, attacking, beating, molesting, or wounding   Adrienne Rockenhaus     .
                                                           Name

    ☐ d. removing minor children from petitioner who has **legal** custody, except as allowed by custody or parenting-time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated           . An existing parenting-time order is dated           .

| Approved, SCAO | Distribute form to: |
|---|---|
| Form CC 376, Rev. 3/23 | Court |
| MCL 600.2950, MCR 3.706, 18 USC 922(g)(8) (c) | Law enforcement agency |
| Page 1 of 2 | Petitioner |
| | Return |

Imaged & Filed Cathy M. Garrett Wayne County Clerk   02/20/2026    26-102221-PP

**Personal Protection Order (Domestic Relationship) (3/23)**  
Page 2 of 2

Case No.     26-102221-PP

**IT IS ORDERED:**

**6. ( continued)**

\*\*   ☒   e. stalking as defined by MCL 750.411h and MCL 750.411i, which include but it not limited to:

     ☒ following or appearing within sight of the petitioner.  
     ☒ appearing at workplace/residence of the petitioner.  
     ☒ approaching or confronting petitioner in a public place or on private property.  
     ☒ entering onto or remaining on property owned, leased, or occupied by petitioner.  
     ☒ sending mail/other communications to the petitioner.  
     ☒ contacting the petitioner telephone.  
     ☒ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.

   ☐   f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned or leased by respondent.

\*\*   ☒   g. threatening to kill or physically injure    Adrienne Rockenhaus        .

   ☒   h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment .

   ☐   i. having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.

   ☒   j. intentionally causing petitioner mental distress or exerting control over petitioner by:

     ☒ injuring, killing, torturing, or neglecting, or threatening to injure, kill torture, or neglect any animal in which petitioner has an ownership interest  
     ☒ removing any animal from his/her possession in which petitioner has an ownership interest.  
     ☒ retaining or obtaining possession of any animal in which petitioner has an ownership interest.

\*\*   ☒   k. purchasing or possessing a firearm.

   ☐   l. other: _____

7.   As a result of this order, federal and/or state law may prohibit you from possessing or purchasing ammunition or a firearm.

8.   Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

9.   **This order is effective when signed, enforceable immediately, and remains in effect until**   02/20/2027    .  
This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, and Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

10.   The court clerk shall file this order with    MSP    who will enter it into the LEIN.  
       Name of law enforcement agency

11.   Respondent may file a motion to modify or terminate this order. If this is an ex parte order, a motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

12.   A motion to extend the order must be filed 3 days before the expiration date in item 9 or a new petition must be filed.

_____    02/20/2026  
Judge signature and date           .

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

ADRIENNE ROCKENHAUS,

15900 W 10 Mile Rd Suite 211 PMB 1046

Southfield, MI 48075

Plaintiff,

v.

STYLIANOS AGAPIOU, et al.,

Defendants.

Case No.: 2:25-cv-12716 (Lead Case)

Hon. Jane M. Beckering

Magistrate Judge Sally J. Berens

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, I served a copy of the foregoing:

**NOTICE OF STATE-CREATED DANGER, ISSUANCE OF EX PARTE PPO, AND REQUEST FOR TIME TO GET SAFE**

Upon the following counsel and Plantiff/Defendants via U.S. Mail:

**Benjamin A. Anchill**
U.S. Attorney's Office, E.D. Michigan
211 W. Fort St., Suite 2001
Detroit, MI 48226

**Jeffry W. Konal**
Supervisory U.S. Probation Officer
231 W. Lafayette Blvd.

Detroit, MI 48226

**Dion Thomas**
Deputy Chief U.S. Probation Officer
231 W. Lafayette Blvd.
Detroit, MI 48226

**Stylianos Agapiou**
U.S. Probation Officer
P.O. Box 8289
Ann Arbor, MI 48104

**Conrad Rockenhaus**
No Known Address

Respectfully Submitted,

March 11, 2026

Adrienne Rockenhaus | Plaintiff Pro Se
734-585-6277 | adrienne@rockenhaus.com

15900 W 10 Mile Rd Suite 211 PMB 1046
Southfield, MI 48075