UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIENNE ROCKENHAUS,

Plaintiff, Hon. Jane M. Beckering

v. Case No. 2:25-cv-12736

STYLIANOS AGAPIOU, et al.,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

Presently before me is Defendants' Motion to Dismiss, filed on April 9, 2026. (ECF No. 31.) Plaintiff failed to respond within the time allowed by Eastern District of Michigan Local Rule 7.1(e)(2)(A). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and **dismiss** Plaintiff's complaint **with prejudice**.

## I. Background

Plaintiff Adrienne Rockenhaus is married to Conrad Rockenhaus. In 2023, Conrad pled guilty in the United States District Court for the Eastern District of Texas to one count of causing intentional damage to a protected computer. He was sentenced to 40 months' imprisonment, followed by three years of supervised release. *United States v. Rockenhaus*, No. 2:23-cr-20701 (E.D. Mich.), ECF No. 1-1 at PageID.2–4. In December 2023, this Court accepted transfer of jurisdiction over Conrad's Texas case. *Id.*, ECF No. 2.

In April 2025, while Conrad was on supervised release, Defendant Jeffry Konal, a Supervisory Probation Officer, filed a violation report and petition for an arrest warrant alleging that Conrad had violated several conditions of his supervised release. *Id.*, ECF No. 3 at PageID.40–42. Conrad was arrested on May 5, 2025, pursuant to an arrest warrant and made his initial

appearance on May 6, 2025. *Id.*, 5/6/2025 Minute Entry. At his May 13, 2025 hearing on the supervised release violations, Conrad admitted guilt to the violations. *Id.*, ECF No. 40 at PageID.153.

On October 17, 2025, the Court sentenced Conrad to six months' imprisonment for the violations and revoked his term of supervised release "with no new term to follow." *Id.*, ECF No. 27 at PageID.88–89; ECF No. 43 at PageID.208–09. Conrad appealed the sentence to the Sixth Circuit, which affirmed. *Id.*, ECF Nos. 48 and 49. On or about January 8, 2026, Conrad's seized phones were retuned. Conrad was released from the custody of the Bureau of Prisons on March 2, 2026.

Adrienne initiated this action on August 28, 2025, against U.S. Probation Officer Stylianos Agapiou, Defendant Konal, Deputy Chief U.S. Probation Officer Dion Thomas, and an unnamed John Doe officer with the U.S. Marshals Service. (ECF No. 1.) Adrienne names each Defendant in their individual and official capacities. I construe the complaint as asserting the following claims:

1. The May 5, 2025 arrest of Conrad at the Rockenhauses' home was unreasonable because Defendant Conal fraudulently procured the warrant and fabricated evidence to arrest Conrad for supervised release violations. (*Id.* at PageID.7.)

2. "Officers" violated the Rockenhauses' Fourth Amendment rights through use of excessive force during the May 5, 2025 arrest of Conrad by ordering Adrienne to place her hands on a vehicle, threatening to release a K-9 unit if the Rockenhauses did anything, and brandishing firearms. (*Id.*)

3. Defendants Agapiou and Konal violated Adrienne's Fourth and Fifth Amendment rights by illegally seizing two of her phones. (*Id.*)

4. Defendants Thomas and Konal retaliated against Adrienne in violation of the First Amendment when: (a) Defendant Thomas contacted Adrienne's ex-husband instead of Adrienne directly; (b) Defendant Konal fabricated false violations to obtain an arrest warrant for Conrad; and (c) Defendants seized Conrad and used excessive force on May 5, 2025. (*Id.* at PageID.7–9.)

5. Defendant John Doe U.S. Marshal engaged in "misconduct" while transporting Conrad by driving "at [a] high speed on the shoulder of the highway while texting" and showing Conrad a text message John Doe had written about Adrienne stating, "His wife had nice tits." (*Id.* at PageID.9.)

Adrienne seeks monetary damages and an injunction ordering the return of her phones. (*Id.* at PageID.11.)

## II. Motion Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

## III. Discussion

### A. Waiver

The Court may grant Defendants' motion to dismiss based on Adrienne's failure to respond, which amounts to a forfeiture of her claims, a waiver of any opposition to the relief sought in the motion, and apparent abandonment of this case. *See Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss a claim "amounts to a forfeiture of [that] claim"); *see also Humphrey v. U.S. Attorney General's Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." (citations omitted)); *Scott v. State of Tenn.*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. 1989) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631–32 (W.D. Mich. 2015) (granting the defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*).

### B. Merits

Apart from waiver, Defendants have demonstrated that Adrienne's claims lack merit and must be dismissed.

First, the official capacity claims for damages are subject to dismissal on the basis of sovereign immunity. "A lawsuit against a government official in his official capacity is tantamount to a suit against 'an entity of which an officer is an agent.'" *Smith v. Scalia*, 44 F. Supp. 3d 28, 38

(D.D.C. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Thus, "the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity." *Id.* Here, Adrienne has sued a United States Deputy Marshal and federal probation officers in their official capacities, who are part of the United States government for purposes of sovereign immunity. These claims are treated as being made against the United States. However, Adriene fails to identify a valid waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). It is well established that under the doctrine of sovereign immunity, the United States may not be sued without its consent. *Hercules, Inc. v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3 794, 795 (6th Cir. 2000). A plaintiff's failure to identify a waiver of sovereign immunity requires dismissal for lack of jurisdiction. *Id.* Because Adrienne fails to allege an express waiver of sovereign immunity, the official capacity claims must be dismissed.

Second, the Court lacks jurisdiction over Adrienne's claim for injunctive relief relating to return of her cell phones because they have already been returned. Thus, the claim for injunctive relief is moot. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (a court lacks jurisdiction to consider an issue that has become moot); *Lucaj v. Dedvukaj*, 749 F. Supp. 2d 601, 608 (E.D. Mich. 2010) ("Even if Congress has provided subject matter jurisdiction by statute, if a plaintiff's claims are moot, the Court also lacks jurisdiction to decide the case." (citing *WJW–TV, Inc. v. City of Cleveland*, 878 F.2d 906, 909 (6th Cir. 1989))).

Third, Adrienne lacks standing to assert claims based on violations of Conrad's rights. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may

not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969); *see also Barber v. Overton*, 496 F.3d 449, 458 (6th Cir. 2007) (explaining that a person lacks standing to assert a violation of another person's rights, "no matter how interrelated the harms suffered"); *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12 CV 194, 2012 WL 1902602, at *15 (N.D. Ohio May 25, 2012) (stating that the plaintiffs lacked "standing to assert violations of another's constitutional rights, even if the injured individual is a family member") (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)); *Divergilio v. Skiba*, 919 F. Supp. 265, 269 (E.D. Mich. 1996) (holding that "plaintiff parents lack standing to bring a § 1983 claim for deprivation of their children's constitutional rights"). Thus, Adrienne's claim against Defendant Konal based on Conrad's arrest for supervised release violations and her claim against John Doe based on his "misconduct" when transporting Conrad to jail are properly dismissed for lack of standing.

Fourth Adrienne's excessive force claim fails for lack of allegations specifying what each Defendant did to violate her rights. In order to recover against a given defendant in an action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). As the Sixth Circuit has observed, "[e]ven a pro se [plaintiff] must link his allegations to material facts and indicate what each defendant did to violate his rights[.]" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citations omitted). Adrienne's complaint, which references only "officers," fails to indicate what each named Defendant did to violate her rights.

Finally, Defendants persuasively argue that there is no *Bivens* remedy for Adrienne's claims against the probation officers. As the Supreme Court observed in *Ziglar v. Abbasi*, 582 U.S

120 (2017), in the years following *Bivens*, "the Court [has] adopted a far more cautious course before finding implied causes of action," and "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 132, 135. In fact, the Court held in *Egbert v. Boule*, 596 U.S. 482 (2022), that there is no *Bivens* remedy for a First Amendment retaliation claim. *Id.* at 498–99. *Egbert* thus disposes of Adrienne's retaliation claims.

As for the remaining claims against the probation officers, applying the Supreme Court's two-step test for determining whether a *Bivens* remedy exists leads to a fairly predictable conclusion that there is no such remedy for the present claims. The first step of the inquiry asks "whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert*, 596 U.S. at 492. Second, if the case presents a new context, a "Bivens remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* at 492 (quoting *Ziglar*, 582 U.S. at 136). As to the first step, Adrienne's claims against the probation officers—for violation of her Fourth Amendment rights during an arrest of her husband outside of their house pursuant to an arrest warrant for supervised release violations and a Fourth/Fifth Amendment claim for seizure of cell phones believed to have been used to commit supervised release violations—present new contexts that differ materially from the three previously-recognized *Bivens* contexts. Both claims concern probation officers administering the terms of supervised release, which none of the recognized *Bivens* contexts covers. As the Seventh Circuit observed in *Poulin v. Waite*, No. 22-3050, 2024 WL 617730, at *2 (7th Cir. Feb. 14, 2024), "[a] probation officer is a clear example of a new [category of] defendant that implicates distinct separation-of-powers issues." *See Freeman v. Lincalis*, 158 F.4th 166, 181–82 (3d Cir. 2025) (holding that the plaintiff's procedural due

process claim against probation officers for transmitting an inaccurate presentence investigation report "plainly" presented a new *Bivens* context); *Coleman v. Mauney*, No. 1:23-1127, 2025 WL 1056888, at *18-19 (M.D.N.C. Jan. 31, 2025), *adopted by* 2025 WL 942947 (M.D.N.C. Mar. 28, 2025) (the plaintiffs' claims alleging that probation officers violated their Fourth and Fifth Amendment rights by conducting warrantless probationary searches and seizing property involved "a 'new category of defendant'" and presented a new context because unlike *Bivens*, a warrant had issued); *McDowell v. Unknown Federal Agent*, No. 3:24-cv-5768, 2024 WL 4336430, at *2 (W.D. Wash. Sept. 27, 2024) (the plaintiff's claim "alleg[ing] unlawful seizure by federal probation officers in the context of postconviction supervision, would require application of *Bivens* to a new context").

Moving to the second inquiry, a court should not extend a *Bivens* remedy where "there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 582 U.S. at 136 (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). Here, special factors counsel hesitation in expanding *Bivens* for Adrienne's claims. These factors include, among others, increasing litigation costs to the government and inhibiting probation officers in the performance of their duties while overseeing individuals on supervised release. *See Coleman*, 2025 WL 1056888, at *20 (noting that extending liability against probation officers for warrantless probationary searches "would clearly result in an increase of suits" and inhibit probation officers from performing their duties); *Carvajal v. United States*, No. 3:20-CV-567, 2021 WL 2814883, at *4 (N.D. Tex. May 11, 2021), *adopted by* 2021 WL 2808966 (N.D. Tex. July 6, 2021) (observing that "claims against federal probation officers run the risk of interfering with the supervision of offenders released back to the community"). Because recognizing a *Bivens* action in this case

would be contrary to the Supreme Court's clear directive to exercise caution in expanding the remedy, Adrienne has no claim against the probation officer Defendants under *Bivens*.[1]

## III. Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' Motion to Dismiss (ECF No. 31) and **dismiss** this action **with prejudice**.

Dated: July 20, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

[1] Because Adrienne lacks standing to assert her claim against John Doe, I find no need to address whether she has a *Bivens* remedy for that claim against a Deputy U.S. Marshal. In addition, in light of the other grounds set forth above, I find no need to address Defendants' argument that some of the claims are *Heck*-barred.